UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES— GENERAL

| Case No. | 5:24-cv-01607-SHK | Date | September 16, 2024 |
|---|---|---|---|
| Title | *The Travelers Indemnity Company of Connecticut v. Watkins Landmark Construction, Inc., et al.* | | |

Present: The Honorable  Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):     Attorney(s) Present for Defendant(s):

None Present                              None Present

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE**

On July 31, 2024, Plaintiff The Travelers Indemnity Company of Connecticut ("Plaintiff") filed a Complaint ("Complaint" or "Compl.") against Watkins Landmark Construction, Inc. ("WLC"), Jody James Watkins ("Watkins"), Selene Palm Springs, LLC ("SPS"), and Does one through ten inclusive ("Does" and collectively "Defendants"). Electronic Case Filing Number ("ECF No.") 1, Compl. On August 20, 21, and 26, Plaintiff filed Proofs of Service of Summons and Complaint ("Proofs of Service" or "POS"), indicating that Plaintiff served the Summons and Complaint on Watkins on August 16, 2024, and WLC and SPS on August 17, 2024. ECF Nos. 8-10, POS.

Generally, under Federal Rule of Civil Procedure ("Rule") 12, defendants must answer or otherwise respond to a Complaint within twenty-one days after being served with the Summons and Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Here, because service was effectuated on August 16, and 17, 2024, Defendants' answers were due twenty-one days later, on September 6, and 7, 2024. As of the date of this Order, however, Defendants have not filed an answer or otherwise responded to the Complaint and Plaintiff has not requested that default be entered against Defendants as authorized under Rule 55. As such, this litigation is stalled.

      Accordingly, Plaintiff is ORDERED TO SHOW CAUSE in writing by **September 23, 2024,** why this action should not be dismissed for failure to prosecute. Plaintiff can satisfy this order by requesting that default be entered against Defendants pursuant to Rule 55 by the date stated above.

      Plaintiff is warned that failure to timely respond to this OSC in the manner stated above **may result in the dismissal of this action** for failure to prosecute and follow Court orders.

      **IT IS SO ORDERED.**